ZARCONE, Appellant, vs. PAYNE, Agent under Transportation Act of 1920, Respondent.

*January 12—February 7, 1922.*

*Federal employers' liability: Negligence of fellow-servant: Assumption of risk: Knowledge of negligence of co-employee: Question for jury.*

1. While the negligence of a fellow-servant does not constitute a defense under the federal Employers' Liability Act (35 U. S. Stats. at Large, 65, ch. 149), assumption of the risk does.
2. In accepting employment an employee may presume that his fellow-servants are competent and careful, and he does not assume the risk of their unexpected negligent acts.
3. An employee who continues at work without protest, with knowledge of the fact that he is exposed to extraordinary hazard by reason of a defective appliance or machine or by reason of the negligent manner in which a co-employee does his work, assumes the unusual risk created.
4. Whether the negligent practices of a fellow-servant have been of such frequent occurrence as to charge persons of reasonable care and prudence similarly situated with knowledge of the unusual risk arising to those who are working with him, is ordinarily for the jury.

5. Where the jury would have been warranted from plaintiff's testimony in finding that a co-employee engaged with him in replacing ties on defendant's railroad track had acted in a negligent manner so often that a person of ordinary care and prudence would have known that the disposition and practices of such co-employee constituted an unusual hazard of the work, the court should have submitted the question as to whether the plaintiff assumed the risk.

APPEAL from an order of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

This action was brought by the plaintiff, a section hand, to recover damages for personal injuries sustained while in the employ of the defendant railroad company during the time it was under federal control. Plaintiff, with others, was engaged in removing old ties from under the rails and replacing the same with new ties. He and one Paratulla worked together in the performance of this work. Picks were used to pull out the old ties. It was customary for both men, one standing behind the other, to sink their picks into a tie and then to pull concertedly on the picks. The man standing behind notified the other when he was ready so that they should pull in unison. In performing this work Paratulla always stood in front of plaintiff, and plaintiff would notify him when he was ready to pull. At the time when plaintiff sustained his injuries they were so working. Both had planted their picks in a tie. The plaintiff stood back of his pick with the end of the handle thereof pointing to the region of his groin. While plaintiff was spitting on his hands and getting ready to pull, he observed Paratulla preparing to pull and called to him to wait a minute. Paratulla, however, disregarded the warning and pulled on the handle of his pick, jerked the tie backwards, causing the end of plaintiff's pick handle to strike him in the groin on the left side, as a result of which a traumatic hernia was produced.

The case was tried in the civil court of Milwaukee county. A special verdict was returned by which it was found that

the plaintiff sustained a rupture; that the fellow-servant was guilty of negligence in moving the tie with his pick; that plaintiff's injury was caused in whole or in part by such negligence; that no negligence on the part of the plaintiff proximately contributed to his injury; and assessed damages in the sum of $1,500.

The defendant requested the court to submit as a part of the special verdict the question, "Did the plaintiff assume the risk of doing the work in the manner described by the plaintiff?" The court refused to include such question in the special verdict. The defendant appealed from the civil court to the circuit court, assigning as error the refusal of the civil court to include such question in the special verdict. The circuit court held that such question should have been included in the special verdict, and ordered a new trial in. the circuit court, from which order plaintiff brings this appeal.

For the appellant there was a brief by *Cannon, Waldron & Schweichler* of Milwaukee, attorneys, and *M. L. Lueck* of Beaver Dam, of counsel, and oral argument by *Mr. Lueck.*

For the respondent there was a brief by *H. J. Killilea, Rodger M. Trump,* and *Thomas E. Torphy,* all of Milwaukee, and oral argument by *Mr. Trump* and *Mr. Torphy.*

Owen, J. The sole question is whether the trial court erred in refusing to include in the special verdict a question requested by defendant relating to plaintiff's assumption of the unusual risk attending the work arising from the negligent conduct of Paratulla. This action is brought under the federal Employers' Liability Statute and, consequently, the negligence of a fellow-servant constitutes no defense to the action. However, it appears from plaintiff's testimony that Paratulla, upon several occasions prior to the accident, had pulled upon his pick before plaintiff was ready; that this incident had occurred upon sufficiently nu-

merous occasions to acquaint plaintiff with the negligent disposition of Paratulla in this respect, and respondent contends that, by continuing the employment after such knowledge, the plaintiff assumed the unusual risk arising from Paratulla's conduct in pulling upon the pick before plaintiff was ready. It is well settled that assumption of the risk does constitute a defense under the federal Employers' Liability Act.

In accepting employment an employee may presume that his fellow-servants are competent and careful, and he does not assume the risk of their unexpected negligent acts. 1 Shearman & Redf. Neg. (6th ed.) § 207*g; Graber v. D., S. S. & A. R. Co.* 159 Wis. 414, 150 N. W. 489; *Ewig v. C., M. & St. P. R. Co.* 167 Wis. 597, 167 N. W. 442, 169 N. W. 429. But it is well settled that an employee who continues at work without protest with knowledge of the fact that he is exposed to extraordinary hazard by reason of a defective appliance or machine, thereby assumes such unusual risk. By the same token, where an extraordinary hazard arises by reason of the negligent manner in which a co-employee does his work, and the employee with full knowledge of such negligent disposition on the part of his co-employee continues at work without protest, he assumes the unusual risk thus created. Of course there is a difference between a defective machine and a negligent co-employee in this: a defective appliance or machine will remain defective until repaired and the risk arising from its use will be constant. A co-employee may be negligent upon one occasion only and thereafter properly perform his task or duty. His negligent acts may be of frequent or infrequent occurrence. The mere fact that he is negligent upon one occasion does not necessarily imply that he will be negligent upon future occasions. But it is apparent that they may be of such frequent occurrence as to charge persons of reasonable care and prudence with knowledge that it is dangerous to work with him. Where such is the case,

and his co-employees, notwithstanding such knowledge, continue in the employment without protest, they assume the risk arising from his negligent practices as well as the risk arising from the continued use of a defective appliance or machine. Of course it is ordinarily for the jury to say whether his negligent practices have been of such frequent occurrence in the past as to charge men of reasonable care and prudence similarly situated with knowledge of the extraordinary or unusual risk or danger arising to those who are working with him. Where such is found to be the fact, then it follows as a matter of law that those who continue to work with him as his co-employees assume the extraordinary or unusual risk of the employment arising from his negligent tendencies.

In this case the jury would have been warranted in finding from plaintiff's testimony that upon numerous occasions in the past Paratulla had prematurely pulled upon his pick; that such occasions were so numerous as to charge a person of ordinary care and prudence similarly situated with the fact that Paratulla's disposition and practices in such respect constituted an unusual or extraordinary hazard of the work. Had the jury so found, they would have been warranted in answering the question requested by the defendant in the affirmative, which would have defeated plaintiff's right to a recovery. The trial court erred in its refusal to submit the question, and a new trial was properly granted by the circuit court.

*By the Court.*—Order affirmed.