MOLOVASILIS, Appellant, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.

*December 5, 1922—March 6, 1923.*

*Master and servant: Injury to servant: Assumption of risk: Negligence of co-employee: Vice-principal: Special verdict: Form.*

1. Where the negligent conduct of one employee is of such frequent occurrence as to charge persons of reasonable care and prudence with knowledge that it is dangerous to work with him, and another employee, notwithstanding such knowledge, continues in the employment without protest, he assumes the risk arising from the negligent practices of his fellow-servant.

2. Questions of a special verdict eliciting facts upon which the assumption of risk of negligence of a co-employee arises as a matter of law rather than the direct question are in perfect accord with the spirit and purpose of the statute providing for a special verdict.

3. While there is a difference between the negligence of a vice-principal and that of a co-employee so far as the liability of a master to a servant for injuries resulting from such negligence is concerned, there is no difference so far as the assumption of risk is concerned.

4. An employee who remains at work, without protest, in the presence of known hazards assumes the risk arising from the continuance of the employment.

APPEAL from an order of the circuit court for Milwaukee county: L. W. HALSEY, Circuit Judge. *Affirmed.*

Plaintiff was a section-hand in the employ of the defendant from the 23d day of September to the 4th day of October, 1921. He was working with a gang of track-repair men, with temporary headquarters at Brookfield. It was customary for this gang of men to leave Brookfield in the morning and proceed on handcar and motor car to the place of their day's work. A number of the men rode on the handcar and the others on the motor car. It was customary for the handcar, with six or seven men, to start out ahead of the motor car. The motor car, carrying the rest of the gang, would come along behind, overtake the handcar and push it along the track. A slight jar resulted to the occupants of the handcar when the motor car came in contact with the handcar.

On the 4th day of October, 1921, the plaintiff started for the place of work on the handcar, occupying a position on the front left-hand corner. When the motor car came in contact with the handcar the plaintiff was thrown from his position on the handcar and sustained injuries, to recover damages for which this action was commenced, under the federal Employers' Liability Act, in the civil court of Milwaukee county.

A special verdict of the jury found that the operator of the motor car (who was the foreman) was guilty of negligence in the management and operation of the motor car just prior to making the contact with the handcar, which negligence was the proximate cause of the injury; that a want of ordinary care on the part of the plaintiff proximately contributed to produce the injury, and that the proportion of negligence attributable to plaintiff was fifty per cent. Questions 5, 6, and 7 of the special verdict were as follows:

"(5) If you answer question 1 'Yes' [relating to negligence in the management and operation of the motor car],

then answer this question: Had the operator of defendant's motor car operated the motor car in the same negligent manner frequently on prior occasions?  *A.* Yes.

"(6) If you answer question 5 'Yes,' then answer this question: Did plaintiff have knowledge of such negligence of the operator of the motor car frequently on prior occasions?  *A.* Yes.

"(7) Would an ordinarily prudent person with plaintiff's experience in riding on handcars, under all the circumstances existing at the time, in the exercise of ordinary care, have observed and appreciated the danger to himself of falling from the handcar?  *A.* Yes."

Upon this verdict the civil court rendered judgment in favor of the defendant, which upon appeal was affirmed by the circuit court.   The plaintiff appealed from the order of the circuit court affirming the judgment of the civil court.

*George Sfetsos* of Milwaukee, for the appellant.

For the respondent there was a brief by *Henry J. Killilea, Rodger M. Trump,* and *Thomas E. Torphy,* all of Milwaukee, and oral argument by *Mr. Torphy.*

The following opinion was filed January 9, 1922:

OWEN, J.   Presumably the civil court rendered judgment in favor of the defendant because the answers of the jury to questions 5, 6, and 7 of the special verdict found facts which, as a matter of law, amounted to an assumption of the risk on the part of the plaintiff arising from the negligent management of the motor car by the operator thereof. It is not seriously contended that the answers made by the jury to these questions are not supported by the evidence. There is abundant evidence to the effect that the contact by the motor car with the handcar was made in the same manner on the morning in question that it had been usually and customarily made during the period of ten days when plaintiff had been there employed.

It is contended, however, on the part of appellant that the question whether plaintiff had assumed this risk was

not properly submitted to the jury. His contention seems to be that the jury should have been asked the point-blank question whether plaintiff assumed the risk. It was held in *Zarcone v. Payne,* 176 Wis. 240, 186 N. W. 415, that where the negligent conduct of a co-employee is of such frequent occurrence as to charge persons of reasonable care and prudence with knowledge that it is dangerous to work with him, and the co-employee, notwithstanding such knowledge, continues in the employment without protest, he assumes the risk arising from the negligent practices of his fellow-servant. Questions 5, 6, and 7 of the special verdict were very aptly framed to elicit the facts upon which the assumption of risk of the negligence of a co-employee arises as a matter of law. While the direct question as to whether plaintiff assumed the risk arising from the negligent manner in which the operator of the motor car made the contact with the handcar, submitted with proper instructions, might have satisfied the requirements and spirit of the statute providing for a special verdict, questions 5, 6, and 7 of the instant verdict call for a finding upon the existence of facts upon which the legal conclusion must rest, and is in perfect accord with the spirit and purpose of the special verdict. It was not only proper to submit questions 5, 6, and 7, but it is difficult to perceive how the form of the verdict could have been improved upon.

It was suggested on the oral argument that the defense of assumption of risk is not available in this case because the negligence was that of a vice-principal. While there is a difference between the negligence of a vice-principal and the negligence of a co-employee so far as the liability of a master to a servant for injuries resulting from such negligence is concerned, there is no difference so far as the assumption of the risk is concerned. An employee who remains at work, without protest, in the presence of known hazards assumes the risks arising from a continuance of

Molovasilis v. Chicago, M.,& St. P. R. Co. 179 Wis. 653.

the employment whether the hazards arise from a defective machine, the persistent negligent conduct of a fellow-servant, or the negligent and hazardous manner in which the employer directs the work to be done. Here the plaintiff, knowing the negligent manner in which the motor car made the contact with the handcar, remained at work without protest. In doing so he assumed the risk arising from such negligent conduct just as though the risk had resulted from a defective machine or the persistent negligent conduct of a fellow-servant.

*By the Court.*—Order affirmed.

A motion for a rehearing was denied, with $25 costs, on March 6, 1923.